**NOT FOR PUBLICATION**

# FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROY PORTER,<br><br>                Petitioner-Appellant,<br><br>  v.<br><br>PATRICK R. GLEBE,<br><br>                Respondent-Appellee. | No.   16-35647<br><br>D.C. No. 2:15-cv-01666-RSM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, Chief Judge, Presiding

Submitted February 9, 2018[**]
Seattle, Washington

Before: GOULD, PAEZ, and CHRISTEN, Circuit Judges.

Roy Porter ("Porter") appeals the district court's denial of his 28 U.S.C.

§ 2254 habeas petition challenging his conviction for one count of first-degree

assault and one count of unlawful possession of a firearm. We affirm.

We have jurisdiction to consider certified habeas claims pursuant to 28

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. §§ 1291 and 2253. The district court certified two issues for appeal: first, whether the prosecutor's misstatement of an officer's testimony on bullet trajectory amounted to prosecutorial misconduct; and second, whether trial counsel's failure to object to the prosecutor's misstatement constituted ineffective assistance of counsel. We review the district court's denial of each claim de novo. *See Robertson v. Pichon*, 849 F.3d 1173, 1181 (9th Cir. 2017).

**1.** Porter's claim of prosecutorial misconduct is without merit. A "prosecutor's improper comments will be held to violate the Constitution only if they 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Parker v. Matthews*, 567 U.S. 37, 45 (2012) (quoting *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)). Even assuming that the prosecutor's misstatement of Officer Wilson's testimony on the trajectory of the bullet violated the Constitution, Porter has failed to establish prejudice.

"[I]t is important as an initial matter to place the remark in context." *Greer v. Miller*, 483 U.S. 756, 766 (1987) (internal quotation marks and alterations omitted). Although the prosecutor misstated Officer Wilson's testimony in her rebuttal to trial counsel's closing argument, she was also careful to emphasize that the jury had an obligation to rely on the "actual evidence," as opposed to the facts as she recounted them. Furthermore, the trial court instructed the jury to disregard any attorney's "remark, statement, or argument" unsupported "by the evidence or

2

the law in [the court's] instructions." As the district court correctly noted, jury instructions can cure improper statements made by the prosecution. *See Hein v. Sullivan*, 601 F.3d 897, 916 (9th Cir. 2010). Porter has provided "no reason to believe that the jury in this case was incapable of obeying the curative instructions." *Greer*, 483 U.S. at 766 n.8.

We note, too, that the evidence was more than capable of supporting the inference that Porter shot at the victim, Darryl Peterson ("Peterson").[1] Peterson testified, consistent with his prior statement, that he saw Porter pull out a gun, aim it in his direction, and pull the trigger. Officer Wilson confirmed that Peterson's version of the trajectory was possible. Accordingly, the Washington Supreme Court Commissioner did not unreasonably apply clearly established law in denying Porter's petition for post-conviction relief.

2. Porter's claim that trial counsel rendered ineffective assistance by failing to object to the prosecutor's misstatement is similarly meritless. Our review of state court decisions on ineffective assistance of counsel is "doubly deferential." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). The Washington Supreme Court Commissioner concluded that Porter had failed to show deficient

---

[1] We deny Porter's request to take judicial notice of a Smithsonian article summarizing scientific research on the likelihood of dodging a bullet at close range. Our review is "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

3

performance and prejudice, both of which are required to state a claim of ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Porter has failed to show that the Commissioner's conclusions were "necessarily unreasonable." *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011).

Trial counsel's primary theory at trial was that someone else was responsible for shooting Peterson. Given this approach, trial counsel's decision not to object to the prosecutor's misstatement is understandable. The omission could very well have been strategic, and under Supreme Court precedent, we must presume that it was. *See Strickland*, 466 U.S. at 690; *see also United States v. Necoechea*, 986 F.2d 1273 (9th Cir. 1993) (concluding that "the failure to object during closing argument and opening statements is within the wide range of permissible professional legal conduct." (internal quotation marks omitted)).

Porter has also failed to show prejudice. In light of the evidence introduced at trial by the State, it is not reasonably probable that a single objection would have altered the trial's outcome. *See Pinholster*, 563 U.S. at 198. Accordingly, the district court correctly concluded that "the Commissioner reasonably concluded that trial counsel's failure to object was not prejudicial."

**AFFIRMED.**

4